UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

FILED
United States Court of Appeals
Tenth Circuit

October 20, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BUTCH LEE LAWRENCE,

    Defendant - Appellant.

No. 25-1193
(D.C. No. 1:24-CR-00218-GPG-JMC-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Pursuant to a plea agreement, Butch Lee Lawrence pleaded guilty to assault on a federal officer and was sentenced to five months in prison and one year of supervised release.  He then filed this appeal.  His plea agreement contains an appeal waiver that the government now moves to enforce.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Mr. Lawrence initially advised his counsel that he did not oppose the government's motion, and his counsel filed a response to that effect.  Mr. Lawrence then changed his mind.  His counsel therefore filed a motion to withdraw the response and to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

withdraw as counsel, which we granted. We gave Mr. Lawrence an opportunity to file a pro se response to the motion to enforce, and he has done so.

In evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Lawrence contends all three of the *Hahn* factors weigh against enforcement of his appeal waiver. We disagree.

First, he argues that his claims on appeal—denial of his constitutional speedy trial right, violations of disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and "irregularities in charging procedures," Resp. at 2—are outside the scope of the waiver. In support he cites *Class v. United States*, 583 U.S. 174 (2018), in which the Supreme Court held that a defendant's guilty plea by itself does not waive his right to challenge the constitutionality of a statute of conviction. *Id.* at 178. He argues that under *Class* his constitutional claims on appeal survive the waiver.

*Class*, however, did not address the effect an appeal waiver has on such claims. Rather, it considered only whether the fact of a guilty plea, standing alone, waived them. *Id.* at 176, 178. In fact, in *Class* the Court expressly noted the defendant's constitutional challenge "d[id] not contradict the terms" of his "written plea agreement," *id.* at 181, under which he waived his right to appeal a within-guidelines sentence but did not waive his right to challenge his conviction under certain circumstances, *id.* at 176-77. In this case, by contrast, Mr. Lawrence expressly waived his right to appeal "any matter in

2

connection with this prosecution, conviction, or sentence." R. vol. 1 at 30. *Class* therefore does not save his appeal. *See Khadr v. United States*, 67 F.4th 413, 421 (D.C. Cir. 2023) (where defendant "expressly waived the right to appeal his convictions, sentence and detention[,] [n]othing in *Class* . . . suggests that his non-jurisdictional claims, even if based on the Constitution, survive his express waiver").

Second, Mr. Lawrence contends his waiver was not knowing and voluntary because of an alleged breakdown in communication between him and his counsel. In support, he points to his response to the court's question about his satisfaction with his counsel: "I don't think I would be satisfied with anybody's [representation] on account of the language." R. vol. 3 at 64. This argument is belied by the record, which shows that he communicated with his counsel, expressed satisfaction with how she handled his case, and acknowledged that she answered all his questions. In addition, both in the plea agreement and at the change-of-plea hearing, Mr. Lawrence stated that he understood he was giving up his right to appeal his conviction and sentence.[1] We therefore reject his contention that his waiver was not knowing and voluntary.

Third, Mr. Lawrence argues that enforcement of the appeal waiver would be a miscarriage of justice. A waiver results in a miscarriage of justice "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of

---

[1] Mr. Lawrence also suggests that "communication barriers" prevented him from knowingly and voluntarily agreeing to the appeal waiver. Resp. at 4. But the record establishes that he confirmed to the court that he had no issues reading, writing, or understanding English. He also complains about interlineations in the plea agreement, but he does not explain how they impacted his appeal waiver.

counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. A waiver is "otherwise unlawful" if the alleged error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Mr. Lawrence contends he received ineffective assistance of counsel, but in doing so he relies on the same allegations concerning communication with his counsel that we have already rejected. Similarly, he argues the waiver is "otherwise unlawful" based on his erroneous reliance on the Supreme Court's decision in *Class*. In short, we reject the argument that enforcement of the waiver would be a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam